BANK OF MEAD, A BANKING CORPORATION, APPELLANT, v. ST. PAUL FIRE & MARINE INSURANCE COMPANY, APPELLEE.

275 N. W. 2d 822

Filed February 27, 1979. No. 41803.

Ginsburg, Rosenberg, Ginsburg & Krivosha, for appellant.

Ronald H. Stave, for appellee.

Heard before SPENCER, McCOWN, CLINTON, and WHITE, JJ., and WARREN, District Judge.

WARREN, District Judge.

This is an action brought by the Bank of Mead, plaintiff and appellant, against the St. Paul Fire & Marine Insurance Company, defendant and appellee, to recover under certain employee fidelity bonds issued to plaintiff by St. Paul, alleging a loss by reason of a prior judgment obtained by the intervenor Foxley Cattle Company against plaintiff.

The trial court found that there was no genuine issue as to any material fact and sustained St. Paul's motion for summary judgment, dismissing plaintiff's petition. The Bank of Mead appeals from the order overruling its motion for new trial. We affirm.

This is the third time this matter has been before this court. In the first action, the Foxley Cattle Company obtained a judgment for $323,659.14 including prejudgment interest against the Bank of Mead in a suit to recover damages for fraudulent misrepresentations made by a bank employee, Kenneth W. Schuette, to Foxley Cattle Company concerning the ownership, clear title, and location of 1,802 head of steers. These statements were relied upon by the Foxley Cattle Company in purchasing and making payment to Agri-Land & Beef, Inc. and the Bank of Mead for the nonexistent cattle. The jury verdict and judgment for Foxley were affirmed by this court on appeal. Foxley Cattle Co. v. Bank of

Mead, 196 Neb. 1, 241 N. W. 2d 495 (1976).

The second action involved an attempt by Foxley Cattle Company to collect its judgment by a garnishment action against the Bank of Mead, as defendant, and St. Paul Fire & Marine Insurance Company, as garnishee, on the ground that St. Paul was liable to indemnify plaintiff under a Bankers Blanket Bond and an Excess Blanket Employee Dishonesty Bond which it had issued to the Bank of Mead. This court affirmed the judgment of the District Court finding that St. Paul "was not indebted or liable to the plaintiff *or the Bank of Mead.*" (Emphasis supplied.) Foxley Cattle Co. v. Bank of Mead and St. Paul Fire & Marine Insurance Company, 196 Neb. 587, 244 N. W. 2d 205 (1976).

St. Paul relies upon the rule of res judicata as a complete defense. The Bank of Mead contends that the judgment in the garnishment action only adjudicated the question of the liability of St. Paul to the bank's judgment creditor Foxley Cattle Company as a third-party beneficiary, and not the question of the liability of St. Paul to its own insured on the fidelity bonds.

We do not agree with this contention. The basic and underlying issue involved in the garnishment action was whether the judgment obtained by the Foxley Cattle Company against the Bank of Mead constituted a loss of the nature insured against. This court expressly held that it did not, in the following language: "Since we hold that plaintiff's judgment was not a loss sustained by the Bank of Mead within the contemplation of these bonds, no indebtedness or liability existed on the part of St. Paul to the Bank of Mead which could be garnisheed by the plaintiff." Foxley Cattle Co. v. Bank of Mead, *supra.* Our specific holding that the Bank of Mead did not suffer a loss within the coverage of these bonds is res judicata, and may not again be litigated.

"The judgment in the garnishment action will be

conclusive between the garnishee, plaintiff, defendant, and any intervener." § 25-1031.01, R. R. S. 1943.

"Where a second action is on the same cause of action and between the same parties as the first action, the judgment in the former action ordinarily is conclusive in the second action as to every question which was or might have been presented and determined in the former." Omaha P. P. Dist. v. Natkin & Co., 193 Neb. 518, 227 N. W. 2d 864 (1975).

"The doctrine of res judicata operates on the principle that a final judgment on the merits by a court of competent jurisdiction is conclusive upon the parties in any later litigation involving the same cause of action. This court has stated the doctrine as follows: 'Any right, fact or matter in issue, and directly adjudicated upon, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether the claim or demand, purpose, or subject-matter of the two suits is the same or not.' " Vantage Enterprises, Inc. v. Caldwell, 196 Neb. 671, 244 N. W. 2d 678 (1976).

The Bank of Mead attempts to raise a new issue by alleging that although it has not paid the Foxley Cattle Company judgment, it has paid costs and expenses of $25,000 in defending the various suits resulting from the fraudulent misrepresentations of its bank president. The obligation of St. Paul to indemnify the insured for court costs and reasonable attorney's fees incurred and paid by the bank in defending a suit relates only to: "* * * any suit or legal proceedings brought against the insured to enforce insured's liability or alleged liability on account of any loss, claim or damage which, if established against the insured would constitute a valid and collectible loss sustained by the insured under the terms of this bond." The trial court correctly held

that since this court has previously determined that the Foxley Cattle Company judgment was not a "valid and collectible loss sustained by the insured under the terms of the bond," St. Paul is not obligated to pay costs or attorney's fees expended by the Bank of Mead in the defense of the prior actions.

The Bank of Mead further contends that the trial court erred in taking judicial notice of the two prior actions and in making supportive findings of fact gleaned from the two prior decisions of this court as a basis for finding there was no loss within the terms of the bonds. At the summary judgment hearing, the trial court was requested by counsel for St. Paul to take judicial notice of the two opinions of this court in case No. 40227 (Foxley Cattle Co. v. Bank of Mead) and in case No. 40545 (Foxley Cattle Co. v. Bank of Mead and St. Paul Fire & Marine Insurance Company), and copies of the opinions were furnished to the court. Neither plaintiff Bank of Mead nor the intervenor Foxley Cattle Company objected. Neither requested "an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed." § 27-201 (5), R. R. S. 1943. While prudence and caution might have indicated that a more readily available reference would have been provided the trial court by offering the complete bill of exceptions and transcript of each of the former cases, it is clear that such records upon which the two Supreme Court opinions were based were "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." § 27-201 (2), R. R. S. 1943.

We conclude that the trial court had not only the right but the duty to take judicial notice of the complete record of the two prior cases when requested by a party and supplied with the necessary information.

In any event it can hardly be argued that this appellate court cannot now take judicial notice of its

own records in the two prior related cases.

"A judge or court may take judicial notice, whether requested or not." § 27-201 (3), R. R. S. 1943.

"Judicial notice may be taken at any stage of the proceeding." § 27-201 (6), R. R. S. 1943.

"Where cases are interwoven and interdependent and the controversy involved has already been considered and determined by the court in former proceedings involving one of the parties now before it, the court has the right to examine its own records and take judicial notice of its own proceedings and judgments in the former action." Wischmann v. Raikes, 168 Neb. 728, 97 N. W. 2d 551 (1959).

Inasmuch as the nonliability of St. Paul Fire & Marine Insurance Company on the specific bonds involved herein has been judicially determined in a prior suit involving the identical same parties as those now appearing, and is now res judicata, we do not find it necessary to discuss the various findings of fact made by the trial court supporting the previous holding of this court.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.