FRANK KOTERZINA, APPELLEE AND CROSS-APPELLANT, V. COPPLE
CHEVROLET, INC., A NEBRASKA CORPORATION, DEFENDANT AND
THIRD-PARTY PLAINTIFF, APPELLEE, AND STATE OF NEBRASKA,
SECOND INJURY FUND, THIRD-PARTY DEFENDANT, APPELLANT AND
CROSS-APPELLEE.

531 N.W.2d 1

Filed April 18, 1995.    No. A-94-117.

Jill Gradwohl Schroeder, of Baylor, Evnen, Curtiss, Grimit
& Witt, for appellant.

Michael G. Goodman, of Cannon, Goodman, O'Brien & Grant, P.C., for appellee Koterzina.

Mark J. Peterson, of Erickson & Sederstrom, P.C., for appellee Copple Chevrolet, Inc.

SIEVERS, Chief Judge, and MILLER-LERMAN, Judge, and HOWARD, District Judge, Retired.

MILLER-LERMAN, Judge.
State of Nebraska, Second Injury Fund (the Fund), third-party defendant, appeals from an order of the district court for Douglas County holding the Fund liable for interest under Neb. Rev. Stat. § 48-125(2) (Reissue 1993). The order of the district court also held defendant-appellee Copple Chevrolet, Inc. (Copple), liable for interest under Neb. Rev. Stat. § 45-103 (Reissue 1993). Copple filed a cross-appeal, claiming that the award of interest against it was improper. At oral argument, Copple abandoned its cross-appeal without conceding the merits of its cross-appeal. Plaintiff-appellee Frank Koterzina also filed a cross-appeal, claiming that the awards of interest were proper. For the reasons recited below, we reverse both of the district court's awards of interest.

## BACKGROUND

This is the second appearance of this case in this court. The underlying facts are outlined in our prior opinion, *Koterzina v. Copple Chevrolet*, 1 Neb. App. 1000, 510 N.W.2d 467 (1993) (*Koterzina I*). We will briefly review those facts necessary to consideration of the instant appeal.

Koterzina originally brought an action in the Nebraska Workers' Compensation Court to recover disability benefits against his employer, Copple. The Fund was a third-party defendant in the case at the compensation court level. On rehearing, the compensation court entered an award dated September 3, 1992, in favor of Koterzina, ordering Copple to pay all medical and hospital services, $140 per week for home health care provided by Koterzina's wife, $18,376 for construction costs to Koterzina's new home to make it handicapped-accessible, the entire amount of Koterzina's temporary total disability benefits, and 70 percent of the weekly

permanent total disability payments. The compensation court ordered the Fund to pay 30 percent of the weekly permanent total disability payments.

Copple appealed the compensation court's award to this court. On July 6, 1993, this court decided *Koterzina I*, which modified the award to the extent that the Fund should provide 100 percent of the temporary total and permanent total disability benefits. Koterzina was awarded attorney fees in the amount of $1,500 in the *Koterzina I* appeal.

After our decision in *Koterzina I*, on November 24, 1993, Koterzina commenced a garnishment proceeding in the Douglas County District Court to enforce the *Koterzina I* judgment. This appeal stems from the garnishment proceeding. The record reflects that Koterzina instituted the garnishment proceeding against Copple's surety, United States Fidelity and Guaranty Company (USF&G), in the amount of $5,410.31. It appears that the amount of $5,410.31 represented prejudgment and postjudgment interest that Koterzina believed was due and owing him from Copple.

On December 10, 1993, Copple filed a request for hearing regarding the garnishment proceeding. In its motion, Copple asserted that all amounts due and owing Koterzina from Copple pursuant to the Workers' Compensation Court's September 3, 1992, award, as modified by *Koterzina I*, had been paid in full. Copple further contended that any amounts due and owing pursuant to the prior award and *Koterzina I* were the responsibility of the Fund, rather than Copple. Copple stated in its motion that the claimed amount of $5,410.31 represented prejudgment and postjudgment interest and that either (1) no interest was due and owing on such awards or (2) any such interest due and owing was owed to Koterzina by the Fund.

On December 29, 1993, the district court determined that the garnishee, USF&G, was liable for interest pursuant to § 45-103 in the amount of $2,847.34 and that the Fund was liable for interest pursuant to § 48-125(2). The Fund appealed the order of interest against it. Copple cross-appealed the order of interest against it. Koterzina cross-appealed.

698

## SCOPE OF REVIEW

■ A garnishment is a legal remedy. *Otoe Cty. Nat. Bank v. Froelich*, 234 Neb. 1, 448 N.W.2d 917 (1989). The factual findings of the trial court in a law action tried without a jury have the effect of findings by a jury and, on appeal, will not be set aside unless clearly wrong. *Id.*

■ Regarding matters of law, an appellate court has an obligation to reach a conclusion independent of that of the trial court in a judgment under review. *Smith v. Smith*, 246 Neb. 193, 517 N.W.2d 394 (1994); *Mackiewicz v. J.J. & Associates*, 245 Neb. 568, 514 N.W.2d 613 (1994); *Powell v. American Charter Fed. Sav. & Loan Assn.*, 245 Neb. 551, 514 N.W.2d 326 (1994).

## ASSIGNMENTS OF ERROR

### APPEAL AND CROSS-APPEALS

The Fund appeals and Copple cross-appealed the district court's determinations regarding their liability for prejudgment and postjudgment interest. Koterzina cross-appeals, claiming that the interest awards are proper. The Fund argues in its brief that because attorney fees were awarded against Copple in *Koterzina I*, Copple, rather than the Fund, should be liable for all prejudgment and postjudgment interest under § 48-125(2). Section 48-125(2) provides: "When an attorney's fee is allowed pursuant to this section, there shall further be assessed against the employer an amount of interest on the final award obtained, computed from the date compensation was payable . . . ." As the basis for its cross-appeal, Copple argued that interest under § 48-125(2) is payable only on awards of "compensation" and that nothing in the award against Copple pursuant to *Koterzina I* constituted "compensation" as that term is used in § 48-125(2). Copple argued, in essence, that § 48-125(2) should not be construed in a manner to obligate Copple to pay interest when Copple is not liable for any of the judgment principal. In connection with the award of interest against it under § 45-103, Copple generally argued that interest liability in a workers' compensation case should arise only under the Nebraska Workers' Compensation Act, Neb. Rev. Stat. § 48-101 et seq. (Reissue 1993) (the Act), rather than under

§ 45-103, a general judgment interest statute. Koterzina argues that the awards of interest were proper.

## ANALYSIS

This is an appeal from a determination of the district court in a garnishment proceeding. A garnishment is a limited proceeding which is confined to the provisions of the garnishment statutes. *NC + Hybrids v. Growers Seed Assn.*, 228 Neb. 306, 422 N.W.2d 542 (1988). The garnishment statutes provide a means for a party to enforce an existing judgment. Accordingly, this appeal of the district court's order in the garnishment proceeding is to be distinguished from the workers' compensation action which is the main case. A garnishment is a special proceeding, rather than a substantive action in and of itself. The Nebraska Supreme Court has stated:

"A special proceeding may be connected with an action in the sense that the application for the benefit of it and the other papers and orders concerning it may be filed in the case where the record of the filings in the action are [sic] made—as for instance garnishment or attachment—but it is not an integral part of or a step in the action or as it is sometimes referred to in such a situation a part of the 'main case.'..."

*In re Interest of R.G.*, 238 Neb. 405, 412, 470 N.W.2d 780, 787 (1991), quoting *Rehn v. Bingaman*, 157 Neb. 467, 59 N.W.2d 614 (1953) (Boslaugh, J., concurring).

The underlying judgment sought to be enforced pursuant to a garnishment proceeding is generally considered res judicata between the parties regarding the issue of liability. See *Krohn v. Gardner*, 238 Neb. 460, 471 N.W.2d 391 (1991). Although the garnishment statutes provide for a "trial" regarding the issue of liability, the applicable statutes limit the scope of the determination to that of the garnishee's liability. See Neb. Rev. Stat. §§ 25-1030.01 and 25-1030.02 (Reissue 1989). If the court finds that the garnishee is liable to the plaintiff, the statutes limit the plaintiff to a judgment against the garnishee

(1) for the amount of money due from the garnishee to the defendant in the original action, or (2) for the delivery to the sheriff or to the clerk of the court of any property in

the garnishee's hands belonging to the defendant in the original action within a time to be fixed by the court, or for the value of the same as fixed in the judgment if not delivered within the time fixed.

§ 25-1030.02.

In this case, the parties to the proceedings in the compensation court and *Koterzina I* were Koterzina, Copple, and the Fund. Pursuant to the foregoing statutory analysis, the liability of Copple or the Fund, as determined in the compensation court and affirmed as modified in *Koterzina I*, was res judicata for purposes of the garnishment proceeding. Accordingly, we conclude that the district court's consideration and determination of liability of the Fund and Copple for prejudgment interest during the garnishment proceeding exceeded the provisions of the garnishment statutes.

■ It has been held that " '[b]ecause garnishment is a creature of statute, garnishment proceedings are necessarily governed by statutory provisions and specifications. Courts may not allow garnishment proceedings to follow any course other than that charted by the Legislature.' " *NC + Hybrids*, 228 Neb. at 308, 422 N.W.2d at 544. Ordinarily, the district court does not have the authority to expand the garnishee's liability in connection with interest. See § 25-1030.02. We are aware that interest which was previously awarded may be enforced in a garnishment proceeding, such as by operation of law or by agreement of the parties. See, e.g., *Ferry v. Ferry*, 201 Neb. 595, 271 N.W.2d 450 (1978) (interest awarded in original judgment pursuant to child support statute); *Niemeyer v. Estate of Tichota*, 191 Neb. 484, 215 N.W.2d 885 (1974) (interest awarded in original action pursuant to contract between the parties); *Townley v. Whetstone*, 190 Neb. 541, 209 N.W.2d 350 (1973) (judgment interest awarded in original action). We distinguish the foregoing cases from the case at bar because these cases merely enforce judgment interest, as opposed to creating interest liability at the garnishment level.

■ In *Koterzina I*, this court awarded attorney fees to Koterzina pursuant to § 48-125. The parties do not dispute that Copple is the party liable to Koterzina for this award. In *Koterzina I*, we awarded neither attorney fees nor prejudgment

interest against the Fund. Although this case comes to us as an appeal from a garnishment proceeding, we note that nothing in the workers' compensation penalty statute, § 48-125, requires assessment of interest against the Fund in the absence of an assessment of attorney fees. Compare *Sherard v. State*, 244 Neb. 743, 747, 509 N.W.2d 194, 198 (1993) (*Sherard II*) (holding that "when a court awards attorney fees against an employer pursuant to § 48-125(1), the employer shall be liable for interest pursuant to § 48-125(2)"). Indeed, to the extent that the issue of interest without an award of attorney fees has been discussed, the Supreme Court has indicated that the award of attorney fees under § 48-125(1) is a "prerequisite" to an award of interest under § 48-125(2). *Bituminous Casualty Corp. v. Deyle*, 234 Neb. 537, 554, 451 N.W.2d 910, 921 (1990). *Koterzina I* did not award attorney fees against the Fund, nor did it award interest against the Fund. Accordingly, the district court's order directing the Fund to pay interest pursuant to § 48-125(2) was improper.

Copple cross-appealed, claiming that the interest the district court assessed against it was improper. Copple abandoned its cross-appeal at oral argument. In its order in the garnishment proceeding, the district court found that Copple's surety, USF&G, was liable for interest in the amount of $2,847.34 under § 45-103.

As noted above, the garnishment statutes are limited in scope, are strictly construed, and do not enable a trial judge to expand the original judgment. The foregoing analysis is equally applicable to the district court's order involving the award of interest against Copple.

The district court assessed interest against Copple under § 45-103, which is a general judgment interest statute. The underlying case, in *Koterzina I*, was a proceeding under the Act, and attorney fees were assessed against Copple under § 48-125. Accordingly, the district court's order of interest against Copple implicates two potentially applicable statutes relating to judgment interest. It is well settled under Nebraska law that statutes are ordinarily construed in a manner such that the specific controls the general. See, e.g., *Anderson v. Nashua Corp.*, 246 Neb. 420, 519 N.W.2d 275 (1994). To be statutorily

mandated in this case, an interest award would have to be required by the specific provisions of the Act, rather than under § 45-103. Thus, the district court's award of interest under § 45-103 was improper, and we proceed to consider whether there is a basis for an award of interest against Copple under the Act.

Section 48-125 of the Act provides for waiting-time penalties, attorney fees, and interest in certain situations. In *Koterzina I*, Copple's liability for medical expenses and construction costs was affirmed by this court and attorney fees were assessed under the Act. Section 48-125(2) provides: "When an attorney's fee is allowed pursuant to this section, there shall further be assessed against the employer an amount of interest on the final award obtained . . . ."

In *Sherard II, supra*, the Supreme Court held that "when a court awards attorney fees against an employer pursuant to § 48-125(1), the employer shall be liable for interest pursuant to § 48-125(2)." 244 Neb. at 747, 509 N.W.2d at 198. However, *Sherard II* is distinguishable from the case at bar on its facts. *Sherard II* involved two appeals to the Nebraska Supreme Court. In *Sherard v. Bethphage Mission, Inc.*, 236 Neb. 900, 464 N.W.2d 343 (1991) (*Sherard I*), the Supreme Court affirmed a workers' compensation award against the Fund, and the award consisted solely of disability benefits. In *Sherard I*, the Fund was the appellant, and the Supreme Court assessed attorney fees against the Fund under § 48-125(1). *Sherard I* was silent as to interest. The employee's appeal in *Sherard II* was from a district court proceeding and involved the issue of whether interest applied to the award of disability benefits against the Fund as affirmed in *Sherard I*. In *Sherard II*, the Supreme Court held the Fund liable for interest under § 48-125(2), stating that where attorney fees are awarded based on § 48-125(1) in connection with an award of "weekly compensation benefits," interest "shall" be awarded under § 48-125(2).

The distinguishing and determinative factor between *Sherard II* and the case at bar involves the underlying basis of the award for which the party is ordered to pay attorney fees. The nature of the award is determinative because § 48-125(2)

provides that "[i]nterest shall apply only to those weekly *compensation* benefits awarded which have accrued at the time payment is made by the employer." (Emphasis supplied.) In *Sherard II*, the Supreme Court ordered the Fund to pay interest on disability benefits awarded in the Workers' Compensation Court. In this case, Copple, the party liable for attorney fees under *Koterzina I*, was not liable for disability benefits, but was instead liable for medical and hospital services and construction costs incurred to make Koterzina's home handicapped-accessible.

In *Bituminous Casualty Corp. v. Deyle*, 234 Neb. 537, 451 N.W.2d 910 (1990), the Supreme Court construed the term "compensation," as used in § 48-125, to refer only to disability or indemnity benefits payable on account of the employee's work-related injury or death. Pursuant to the definition of "compensation" set forth in *Bituminous Casualty Corp.*, the medical expenses and construction costs for which Copple was liable would not constitute "compensation" for purposes of § 48-125. Therefore, because interest under § 48-125(2) is required where the underlying liability is for "compensation" and in the instant case Copple is not liable for "compensation," an interest award against Copple is not required by operation of law under § 48-125(2).

Based on the foregoing, we find that the district court's awards of interest against both the Fund and Copple were improper. We reverse with respect to the Fund's appeal. We make no ruling on Copple's cross-appeal, which was abandoned. Koterzina's cross-appeal, claiming the awards of interest were proper, is therefore without merit, and Koterzina's motion for attorney fees is denied.

REVERSED.