FRANK KOTERZINA, APPELLEE AND CROSS–APPELLANT, V. COPPLE CHEVROLET, INC., A NEBRASKA CORPORATION, DEFENDANT AND THIRD–PARTY PLAINTIFF, APPELLEE, AND STATE OF NEBRASKA, SECOND INJURY FUND, THIRD–PARTY DEFENDANT, APPELLANT AND CROSS–APPELLEE.

542 N.W.2d 696

Filed January 26, 1996.  No. S–94–117.

Jill Gradwohl Schroeder, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellant.

Michael G. Goodman, of Cannon, Goodman, O'Brien & Grant, P.C., for appellee Koterzina.

Mark J. Peterson, of Erickson & Sederstrom, P.C., for appellee Copple Chevrolet.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

LANPHIER, J.

The State of Nebraska, Second Injury Fund (the Fund), appealed to the Nebraska Court of Appeals an order of the Douglas County District Court which held the Fund liable for interest on a workers' compensation award. The district court held that interest was due under Neb. Rev. Stat. § 45–103 (Reissue 1993), the general judgment statute, and under Neb. Rev. Stat. § 48–125(2) (Reissue 1993), which provides for interest accruing on workers' compensation awards when there is an award of attorney fees. The Court of Appeals reversed the award of interest against the Fund because no award of attorney fees was made. Frank Koterzina seeks further review of that decision of the Court of Appeals.

## BACKGROUND

Koterzina originally brought an action in the Nebraska Workers' Compensation Court to recover disability against his employer, Copple Chevrolet, Inc. The Fund was a third–party defendant in that case. The compensation court entered an award in favor of Koterzina and ordered Copple to pay all medical and hospital services, $140 per week for home health care provided by Koterzina's wife, $18,376 in construction costs to make Koterzina's new home handicapped accessible, all of Koterzina's temporary total disability benefits, and 70 percent of the weekly permanent total disability payments. The compensation court ordered the Fund to pay the other 30 percent of Koterzina's weekly permanent total disability payments. The award on rehearing in the Workers' Compensation Court was filed on September 3, 1992.

### KOTERZINA I

Copple appealed the compensation court's award to the Court

of Appeals. On July 6, 1993, that court decided *Koterzina v. Copple Chevrolet*, 1 Neb. App. 1000, 510 N.W.2d 467 (1993) (*Koterzina I*). *Koterzina I* modified the initial award, stating that liability should remain with the Fund, but that the Fund should provide 100 percent of the temporary total and weekly permanent total disability benefits. Koterzina was awarded attorney fees against Copple in the amount of $1,500. No attorney fees were assessed against the Fund.

## GARNISHMENT PROCEEDING

On November 24, 1993, Koterzina instituted garnishment proceedings for $5,410.31 in the Douglas County District Court against Copple's surety, United States Fidelity and Guaranty Company (USF&G), to enforce *Koterzina I*. That amount represented prejudgment and postjudgment interest Koterzina believed was due and owing him from Copple. On that same day, Koterzina also filed a copy of the Workers' Compensation Court's award with the clerk of the Douglas County District Court.

On December 10, 1993, Copple filed a request for hearing regarding the garnishment proceeding. In its motion, Copple asserted that all amounts due and owing Koterzina from Copple pursuant to the compensation court's September 3, 1992, award, as modified by *Koterzina I*, had been paid in full. Copple further contended that any amounts due and owing pursuant to the prior award and *Koterzina I* were the responsibility of the Fund, rather than Copple. Copple stated in its motion that either (1) no interest was due and owing on such awards or (2) any such interest if due and owing was owed to Koterzina by the Fund and not Copple.

On December 29, 1993, the district court determined that the garnishee, USF&G, was liable for interest pursuant to § 45–103 (interest adjustments) in the amount of $2,847.34 and that the Fund was liable for interest pursuant to § 48–125(2) (interest on Workers' Compensation Court awards).

## *KOTERZINA II*

The Fund appealed the order of interest against it. Copple also cross-appealed the order of interest against it. Koterzina cross-appealed. The Court of Appeals reversed the garnishment

order of the district court, *Koterzina v. Copple Chevrolet*, 3 Neb. App. 695, 531 N.W.2d 1 (1995) (*Koterzina II*). The Court of Appeals reversed with respect to the Fund's appeal; made no ruling on Copple's cross-appeal, which was abandoned; and denied Koterzina's motion for attorney fees. The Court of Appeals thus disallowed any interest award to Koterzina, stating that the district court's awards of interest against both the Fund and Copple were improper. The Court of Appeals held that § 48-125(2) was the exclusive interest statute for workers' compensation awards and only allowed interest where attorney fees were awarded. The Court of Appeals held that since the Fund was not assessed attorney fees, no interest could be assessed.

Koterzina's petition for further review was granted. By a joint motion, Copple and Koterzina withdrew Copple's cross-appeal. The sole issue now before us is whether assessment of interest by the district court against the Fund was proper.

## ASSIGNMENTS OF ERROR

In *Koterzina II*, the Fund claimed as a single assignment of error that the district court erred in finding that the Fund was liable for interest accruing under § 48-125(2).

On petition for further review, Koterzina seeks review of two issues decided by the Court of Appeals: (1) The Court of Appeals denied Koterzina his statutorily–entitled interest pursuant to § 48-125(2), and (2) the Court of Appeals denied Koterzina interest payable under § 45-103 for the award from the Workers' Compensation Court.

## STANDARD OF REVIEW

Garnishment is a legal action; to the extent factual issues are involved, the findings of the fact finder will not be set aside on appeal unless clearly wrong; however, to the extent issues of law are presented, an appellate court has an obligation to reach independent conclusions irrespective of the determinations made by the court below. *Davis Erection Co. v. Jorgensen*, 248 Neb. 297, 534 N.W.2d 746 (1995).

In settling upon the meaning of a statute, an appellate court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute

considered in its plain, ordinary, and popular sense, it being the court's duty to discover, if possible, the Legislature's intent from the language of the statute itself. *McCook Nat. Bank v. Bennett*, 248 Neb. 567, 537 N.W.2d 353 (1995); *George Rose & Sons v. Nebraska Dept. of Revenue*, 248 Neb. 92, 532 N.W.2d 18 (1995); *State ex rel. Scherer v. Madison Cty. Comrs.*, 247 Neb. 384, 527 N.W.2d 615 (1995).

## ANALYSIS

It is necessary to provide a chronological history in order to undertake an analysis of whether the district court's interest award against the Fund was proper.

On September 3, 1992, the Workers' Compensation Court found the Fund liable for 30 percent of the weekly permanent total disability payments and found Copple liable for the entire amount of the temporary total disability benefits and 70 percent of the weekly permanent total disability payments.

In *Bituminous Casualty Corp. v. Deyle*, 234 Neb. 537, 553, 451 N.W.2d 910, 920 (1990), this court defined "compensation" under § 48-125(1) as follows: " 'Compensation,' used in § 48-125(1) in reference to additional sums for waiting time, an attorney fee, and interest, means periodic disability or indemnity benefits payable on account of the employee's work-related injury or death."

Pursuant to *Bituminous Casualty Corp.* and § 48-125(1), the court awarded Koterzina attorney fees against Copple. Section 48-125(1), in relevant part, states:

> Except as hereinafter provided, all amounts of compensation payable under the Nebraska Workers' Compensation Act shall be payable periodically in accordance with the methods of payment of wages of the employee at the time of the injury or death . . . . Whenever the employer refuses payment of compensation . . . or when the employer neglects to pay compensation for thirty days after injury . . . and proceedings are held before the Nebraska Workers' Compensation Court, a reasonable attorney's fee shall be allowed the employee by the compensation court in all cases when the employee receives an award. . . . [T]he Court of Appeals or

Supreme Court shall . . . allow the employee a reasonable sum as attorney's fees for [appeals] in the Court of Appeals or Supreme Court. . . . A reasonable attorney's fee allowed pursuant to this section shall not affect or diminish the amount of the award.

In *Sherard v. State*, 244 Neb. 743, 747, 509 N.W.2d 194, 198 (1993), this court held that "when a court awards attorney fees against an employer pursuant to § 48-125(1), the employer shall be liable for interest pursuant to § 48-125(2)." Because Copple was liable for the entire amount of the temporary total disability benefits and a part of the weekly permanent total disability payments, liable for compensation as defined by *Bituminous Casualty Corp.*, and liable for attorney fees under § 48-125(1), the Workers' Compensation Court awarded Koterzina interest against Copple under § 48-125(2).

Section 48-125(2), in relevant part, states:

When an attorney's fee is allowed pursuant to this section, there shall further be assessed against the employer an amount of interest on the final award obtained, computed from the date compensation was payable, as provided in section 48-119, at a rate equal to the rate of interest allowed per annum under section 45-104.01, as such rate may from time to time be adjusted by the Legislature. Interest shall apply only to those weekly compensation benefits awarded which have accrued at the time payment is made by the employer.

In holding the Fund liable for interest, the compensation court was complying with the holding in *Sherard*. In *Sherard*, this court found that the Fund, as an employer, was liable for interest under the mandate of § 48-125(2) when both compensation and attorney fees were assessed against it.

## KOTERZINA I

In order to receive interest under § 48-125(2), compensation and attorney fees must be assessed against the same employer under § 48-125(1). *Sherard, supra*. The Fund is an employer within the meaning of § 48-125. *Sherard, supra; Pollard v. Wright's Tree Service, Inc.*, 212 Neb. 187, 322 N.W.2d 397 (1982).

In *Sherard*, a Workers' Compensation Court award was affirmed where the compensation was left divided between the two employers and attorney fees assessed against one of them. Therefore, one employer had both compensation and attorney fees assessed against it. This same result was effected by the original Workers' Compensation Court decision in *Koterzina*.

However, the Court of Appeals, in *Koterzina I*, then modified the compensation award by assessing 100 percent of the compensation, as defined by *Bituminous Casualty Corp. v. Deyle*, 234 Neb. 537, 451 N.W.2d 910 (1990), against the Fund. In that modification, the Court of Appeals did not assess attorney fees against the Fund, but did assess attorney fees against Copple. Because *Sherard* held that interest could be assessed only when attorney fees were awarded, the Court of Appeals could no longer assess interest under § 48-125(2). That modification resulted in each employer arguing that the other employer was liable for the interest on the compensation.

## KOTERZINA II

In the garnishment proceeding, the district court assigned interest against the Fund under § 48-125(2) based on the September 3, 1992, Workers' Compensation Court award which had been filed in the district court.

The Court of Appeals concluded that the district court expanded the original judgment. The Court of Appeals specifically held that "the district court's consideration and determination of liability of the Fund and Copple for prejudgment interest during the garnishment proceeding exceeded the provisions of the garnishment statutes" and that the district court "creat[ed] interest liability at the garnishment level." *Koterzina II*, 3 Neb. App. at 700, 531 N.W.2d at 5, 6.

The Court of Appeals stated that *Koterzina I* did not award attorney fees against the Fund. Since interest on compensation can be assessed only where attorney fees are awarded, "the district court's order directing the Fund to pay interest pursuant to § 48-125(2) was improper." *Koterzina II*, 3 Neb. App. at 701, 531 N.W.2d at 6. We agree with that conclusion of the Court of Appeals. Under *Sherard v. State*, 244 Neb. 743, 509 N.W.2d 194 (1993), the Fund is not liable for interest under § 48-125(2).

However, we disagree with the conclusion that § 48-125(2) is the sole statute for assessing interest on workers' compensation awards and that the district court erred in awarding other judgment interest. A judgment liability existed which allowed interest to accrue pursuant to Neb. Rev. Stat. §§ 45-103.01 and 48-188 (Reissue 1993).

The filing of the compensation award under § 48-188 provided the basis for the district court to enforce a judgment for interest in the garnishment proceeding. See *Sherard, supra.*

Section 48-188, in relevant part, states:

> Any order, award, or judgment . . . for compensation pursuant to the Nebraska Workers' Compensation Act may . . . be filed with the district court of any county or counties in the State of Nebraska upon the payment of a fee . . . . *Upon filing, such order, award, or judgment shall have the same force and effect as a judgment of such district court or courts and all proceedings in relation thereto shall thereafter be the same as though the order, award, or judgment had been rendered in a suit duly heard and determined by such district court or courts.*

(Emphasis supplied.)

The district court enforces the Workers' Compensation Court judgment (rendered here on September 3, 1992) as if it had been "rendered in a suit . . . determined by such district court." Section 48-188, as such, has a nunc pro tunc, or "now for then," effect. The district court treats the compensation award as if it had rendered the award on September 3, 1992.

Rendition of judgment is defined by Neb. Rev. Stat. § 25-1301(2) (Reissue 1989), which states:

> Rendition of a judgment is the act of the court, or a judge thereof, in pronouncing judgment, accompanied by the making of a notation on the trial docket, or one made at the direction of the court or judge thereof, of the relief granted or denied in an action.

Section 45-103.01 states: "Judgment interest shall accrue on decrees and judgments for the payment of money *from the date of rendition of judgment* until satisfaction of judgment." (Emphasis supplied.)

Thus, pursuant to §§ 48-188, 45-103.01, and 25-1301(2),

the Fund owes postjudgment interest on the Workers' Compensation Court award from the time the award was rendered. Rendition of judgment was effected when the Workers' Compensation Court noted its decision in its record on September 3, 1992. That is the date the Workers' Compensation Court award on rehearing was initially filed in that court.

On September 3, 1992, the Fund was liable for only a portion of compensation as defined by *Bituminous Casualty Corp. v. Deyle*, 234 Neb. 537, 451 N.W.2d 910 (1990). However, when a district court enforces a decision of the Workers' Compensation Court, the district court has a duty to take judicial notice of any appellate decisions which have been rendered in the same case. *Sherard, supra.* Cf. *Bank of Mead v. St. Paul Fire & Marine Ins. Co.*, 202 Neb. 403, 275 N.W.2d 822 (1979). The September 3, 1992, award was subsequently modified by the Court of Appeals, and the Fund was assessed 100 percent of compensation, as defined by *Bituminous Casualty Corp.* However, the modification, decided July 6, 1993, happened before the compensation award was filed in district court, November 24, 1993. Therefore, the district court is charged with the knowledge of the modification.

When the original compensation award was filed in the district court, the Court of Appeals' modification of that award also had a nunc pro tunc effect, pursuant to § 48-188. In other words, once the compensation award was filed in district court, the Fund was accountable for interest on 100 percent of the compensation, as defined by *Bituminous Casualty Corp.*, since September 3, 1992, the original date of the subsequently modified compensation award.

## CONCLUSION

The Fund is liable to Koterzina for interest on 100 percent of compensation from September 3, 1992. Therefore, the Court of Appeals' decision is reversed, and the cause is remanded to the Court of Appeals with directions to remand to the district court with directions to order interest paid to Koterzina by the Fund by computing postjudgment interest due on 100 percent of unpaid compensation since September 3, 1992.

Koterzina's motion for attorney fees of $1,800 is granted.

REVERSED AND REMANDED WITH DIRECTIONS.

WRIGHT, J., dissenting.

I dissent from the majority's opinion, which holds that the Fund is liable to Koterzina for interest on 100 percent of the compensation from September 3, 1992. I would award interest on the compensation from the date that the award was filed in the district court. It is the filing of the compensation award under Neb. Rev. Stat. § 48–188 (Reissue 1993) which is the date from which interest should be computed. Section 48–188 provides that "[u]pon filing, such order, award, or judgment shall have the same force and effect as a judgment of such district court . . . ."

I disagree that § 48–188 has a "nunc pro tunc" effect on the workers' compensation award. Pursuant to Neb. Rev. Stat. § 45–103.01 (Reissue 1993), judgment interest accrues from the date of rendition of the judgment. As the statute applies to workers' compensation awards, the judgment is not rendered until it is filed in the district court pursuant to § 48–188. The compensation award becomes a judgment in the district court for purposes of § 45–103.01 on the date it was filed in the district court.

The majority opinion affirms the Court of Appeals' holding that Neb. Rev. Stat. § 48–125(2) (Reissue 1993) is the exclusive interest statute for workers' compensation awards and allows interest only where attorney fees are awarded. Since attorney fees were not awarded, no interest could be assessed in the compensation court. It is inconsistent for the majority to conclude that § 48–125(2) is the exclusive interest statute for workers' compensation awards and retroactively modify the compensation award by allowing interest to the date of the workers' compensation award. There is nothing in § 48–188 which makes interest awards retroactive to the date of the workers' compensation award. It is only upon filing of the workers' compensation award in the district court that interest commences.

CONNOLLY, J., joins in this dissent.