JEANNE M. LINE, APPELLEE AND CROSS-APPELLANT, V. WILLIAM G. LINE, APPELLANT AND CROSS-APPELLEE.

423 N.W.2d 790

Filed June 3, 1988.   No. 86-340.

John F. Kerrigan of Kerrigan, Line & Martin, for appellant.

Jerome J. Ortman, for appellee.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and CHEUVRONT, D.J.

PER CURIAM.

This is an appeal from a decree of dissolution entered by the district court for Douglas County, Nebraska. Husband appeals, alleging that the district court abused its discretion in dividing the parties' marital property, in awarding temporary support for the wife, in awarding a temporary attorney fee for the wife's lawyer, and in failing to find Neb. Rev. Stat. § 42-367 (Reissue 1984) unconstitutional. In her cross-appeal, the wife claims that the district court abused its discretion in the property division between the parties, and also erred in not awarding alimony to the wife and in awarding an inadequate attorney fee for the wife's lawyer.

Husband contends that § 42-367 is unconstitutional in that the statute "requires the husband to pay temporary allowances and makes no like provision for the wife to pay temporary

allowances to the husband." Brief for Appellant at 29. The husband has failed to file a written notice with the Clerk of the Supreme Court regarding any constitutional question concerning § 42-367. The records of this court do not indicate that the husband served on the Attorney General of Nebraska a copy of his brief assigning unconstitutionality of § 42-367. See Neb. Ct. R. of Prac. 16A (rev. 1986). See, also, *Zoimen v. Landsman*, 192 Neb. 561, 223 N.W.2d 49 (1974). In view of the husband's failure to comply with the rules of this court, we will not consider husband's question concerning the constitutionality of § 42-367.

> " 'In an appeal involving actions for dissolution of marriage, the Supreme Court's review of a trial court's judgment is de novo on the record to determine whether there has been an abuse of discretion by the trial judge, whose judgment will be upheld in the absence of an abuse of discretion. In such de novo review, when the evidence is in conflict, the Supreme Court considers, and may give weight to, the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another.' "

*Zavitka v. Zavitka, ante* p. 267, 421 N.W.2d 798 (1988) (quoting *Gerber v. Gerber*, 225 Neb. 611, 407 N.W.2d 497 (1987)).

From our review de novo on the record of these proceedings, we find no abuse of discretion by the district court regarding the matters raised by the husband's appeal and the wife's cross-appeal. Therefore, the judgment of the district court is affirmed. An attorney fee of $1,500 is awarded for the wife's attorney in this appeal.

AFFIRMED.