IN RE ESTATE OF LOUIS W. REIMER, DECEASED.
JOHN C. WATSON, APPELLEE, V. FRANCES L. NELSON, PERSONAL
REPRESENTATIVE OF THE ESTATE OF LOUIS W. REIMER, DECEASED,
APPELLANT.

427 N.W.2d 293

Filed August 5, 1988.   No. 86-1034.

Robert I. Eberly for appellant.

Forrest F. Peetz, of Peetz and Peetz, for appellee.

HASTINGS, C.J., CAPORALE, GRANT, and FAHRNBRUCH, JJ., and JOHN MURPHY, D.J.

GRANT, J.

After the death of Louis W. Reimer on March 11, 1985, his daughter Frances L. Nelson was appointed special administrator of his estate on April 23, 1985, by order of the county court for Holt County, Nebraska. The order also appointed a guardian ad litem for three minor "heirs of the estate." On May 3, 1985, the guardian ad litem filed a petition for formal probate of the will of Louis W. Reimer.

John C. Watson was the nominated personal representative in the decedent's will. On May 2, 1985, Watson retained the services of Forrest F. Peetz to act as attorney for Watson as nominated personal representative. On May 8, Watson filed a petition in the county court joining in the petition for probate filed by the guardian ad litem and seeking the appointment of Watson as personal representative of the estate. On May 28, Henry F. Reimer, Louis Reimer, Audrey Taylor, and Frances Nelson, children of Louis W. Reimer, and Frances E. Reimer, the surviving spouse, filed objections to the "Purported Will" in the county court. On June 10, the decedent's children filed a notice of transfer, under Neb. Rev. Stat. § 30-2429.01 (Cum. Supp. 1984), transferring the proceedings to the district court for Holt County. On April 11, 1986, a judgment was entered in the district court proceeding that "the last will and testament of Louis W. Reimer, deceased, be admitted to probate" for certain stated purposes. The order protected the rights of the three minor great-grandsons of the decedent, provided for cash gifts to three daughters and a sister of the decedent and to two institutions, and provided for a widow's interest to the surviving wife of the decedent. The judgment was based on stipulations signed by twenty individuals, all of whom apparently had some interest in the estate of Louis W. Reimer. The order remanded the case to the county court for Holt County for probate. Forrest Peetz represented Watson throughout these proceedings.

On April 16, 1986, appellee Watson filed an application in the county court seeking fees for his attorney, Peetz, and renouncing appellee's right of appointment under decedent's will and any right to fees for his services as nominated personal representative of the decedent's will. A hearing was held on this application, and appellee testified that an agreement had been worked out among the various heirs of Louis W. Reimer and that in April 1986 Watson chose to renounce his priority as nominated personal representative. At this hearing, the application for fees was hotly contested by Henry Reimer, acting as attorney for appellant Frances Nelson.

After the hearing, the county court awarded appellee the sum of $737.25, as attorney fees for the services of Forrest Peetz'

acting as attorney for appellee. Frances Nelson appealed this order to the district court for Holt County. That court affirmed the order of the county court and assessed an additional fee of $200, as provided by Neb. Rev. Stat. § 24-541.10 (Reissue 1985). Nelson then appealed to this court.

In this court, appellant sets out nine assignments of error. These assignments may be consolidated into four: that the district court erred (1) in affirming the county court's granting appellee a fee for appellee's attorney, because appellee, although nominated in the will, never qualified and served as personal representative; (2) in ordering the fee to be paid as an administration expense rather than pursuant to the claim statute, Neb. Rev. Stat. § 30-2485 (Reissue 1985); (3) in awarding an additional $200 fee based on appellant's "vexatious appeal" to the district court; and (4) in denying review of costs of the transcript and bill of exceptions charged by the county court. We affirm.

With regard to the first general assignment of error, Neb. Rev. Stat. § 30-2481 (Reissue 1985) provides: "If any personal representative *or person nominated as personal representative* defends or prosecutes any proceeding in good faith, whether successful or not he is entitled to receive from the estate his necessary expenses and disbursements including reasonable attorneys' fees incurred." (Emphasis supplied.)

Appellee Watson without doubt was the personal representative nominated in the will of decedent Louis W. Reimer. The statute specifically provides that whether "successful or not," such a nominated person is entitled to receive his necessary expenses, including a reasonable attorney fee, when he prosecutes or defends any proceeding in good faith. Our review in probate cases is for error appearing on the record. *In re Estate of Odineal*, 220 Neb. 168, 368 N.W.2d 800 (1985). Our examination of the record does not show any error committed by the county court or the district court. The evidence before the county court, and before the district court, supports the determination that Watson's efforts, through his attorney, were done in good faith to probate the will of Louis W. Reimer when that will was being attacked by Reimer's children. Under the statute, Watson was entitled to be paid his expenses,

including a fee for his attorney. Appellant's contention on this point is without merit.

With regard to appellant's second assignment of error, appellant points out that Neb. Rev. Stat. § 30-2404 (Reissue 1985) provides in part: "No proceeding to enforce a claim against the estate of a decedent or his successors may be revived or commenced before the appointment of a personal representative." Neb. Rev. Stat. § 30-2209(33) (Reissue 1985) states: "Personal representative includes . . . special administrator . . . ." In this case, Frances Nelson was appointed special administrator on April 23, 1985, and was apparently appointed personal representative sometime between appellee's renunciation of his nomination on April 16, 1986, and Nelson's appeal on May 16 from the county court order setting appellee's fee. In any event, a personal representative was appointed during all relevant times in this case.

In general, appellant seems to contend that no award can be made to appellee for his attorney fee except through the claim procedures set out in the Nebraska Probate Code, including §§ 30-2404 and 30-2485. We point out the provisions of § 30-2485(2)(b), which provide: "All claims, other than for administration expenses, against a decedent's estate which arise at or after the death of the decedent . . . are barred . . . unless presented . . . [within certain time periods]." We determine that fees allowed in probate proceedings under § 30-2481 to persons nominated as personal representatives under a will are administration expenses and need not be paid pursuant to the probate claim statutes.

A part of this assignment of error is appellant's contention that the district court erred in failing to quash the garnishment against the estate funds for the payment of the allowed attorney fee. Since the fee was properly allowed, appellant's contention in this regard is without merit.

With regard to appellant's third assignment of error, § 24-541.10 provides in part:

> (2) In all matters arising under the Nebraska Probate Code, if it shall appear to the district court that an appeal was taken vexatiously or for delay, the court shall adjudge that the appellant shall pay the cost thereof, including an

attorney's fee, to the adverse party in an amount fixed by the district court . . . .

The district court found that "this appeal has been taken vexatiously . . . and after allowance [of the fee] in the County Court this appeal would appear to this Court to be totally unnecessary and generally for the purpose of protracting this matter." Our examination of the record shows there was no error in this determination. Appellant's third assignment of error is without merit.

Appellant then alleges the county court erred in determining the costs assessed against her and appeals from the assessment of costs for preparing the transcript and the bill of exceptions on the appeal from county court to district court. The basis for appellant's contention on this issue is that she, through her attorney, ordered a partial transcript and the clerk of the county court prepared the entire transcript. Aside from the fact that the requested 11-page partial transcript did not submit enough of the pleadings to present the case properly, the clerk of the county court was required to comply with the statute in effect at the time of the appeal. Neb. Rev. Stat. § 24-541.04 (Reissue 1985) was in effect at the time of the notice of appeal on May 16, 1986, from the county court, and that statute then required that the transcript on appeal "shall contain all pleadings, orders, filings, and docket entries in the case." The statute has since been amended. Appellant's contention on this point is without merit.

Insofar as appellant contends in this court that the court reporter's cost of preparing the bill of exceptions in the county court should have been $143.52 rather than $195, we are not in any position to make factual determinations in such regards. Appellant is left to such other remedies as may be open to contest such matters.

The only other matter before us concerns appellee's request that we award attorney fees to him in this court. Appellant does not address this issue, but we are aware the practice in this state is that attorney fees will generally be allowed only in such cases as are provided for by statute, or where the uniform course of procedure has been to allow such recovery. *Gates v. Howell*, 211 Neb. 85, 317 N.W.2d 772 (1982). In this case, § 24-541.10

provides that a district judge shall award attorney fees to an appellee in appeals from county court to district court if it shall appear the appeal was taken "vexatiously or for delay." Such fees were awarded and were discussed above.

While the statute does not specifically provide that fees shall be awarded under the same circumstances on appeals from the district court to this court, we hold that this court has power to award fees under the situations set out in § 24-541.10. This power is based on this court's overall jurisdiction to supervise the conduct of judicial proceedings in this state, and on the general statements set out in *Holt County Co-op Assn. v. Corkle's, Inc.*, 214 Neb. 762, 336 N.W.2d 312 (1983).

Our examination shows that the appeal to this court was taken vexatiously. That term has been defined to mean "lacking justification and intended to harass" or "lacking in peace or calm: full of disorder or stress." Webster's Third New International Dictionary, Unabridged 2548 (1981). The conduct of appellant and her counsel in the county court fully supports the determination that the appeal was taken vexatiously in all the defined respects. Appellee is awarded the sum of $1,500 for the services of his attorney in this court.

The judgment of the district court is affirmed in its entirety.

AFFIRMED.