HOLDREGE COOPERATIVE ASSOCIATION, APPELLANT, V. BETTE G. WILSON, PERSONAL REPRESENTATIVE OF THE ESTATE OF JOHN E. WILSON, DECEASED, APPELLEE.

463 N.W.2d 312

Filed November 9, 1990.   No. 88-914.

542

Kent A. Schroeder, of Ross, Schroeder & Brauer, for appellant.

Rebecca E. Miller, of Miller Law Office, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

When the personal representative of the estate of John E. Wilson, deceased, disallowed its claim, Holdrege Cooperative Association (Holdrege) sued Wilson's personal representative in the district court for Phelps County for $22,915.01, the balance Holdrege alleged was due on goods it supplied to Wilson during his lifetime.

Finding it lacked subject matter jurisdiction, the district court sustained a demurrer filed by Wilson's personal representative and thereafter, when Holdrege failed to plead further, dismissed its lawsuit. Holdrege timely appealed to this court. We reverse, and remand the cause for further proceedings.

In reviewing an order sustaining a demurrer, this court accepts the truth of facts well pled and the factual and legal inferences which may reasonably be deduced from such facts, but does not accept conclusions of the pleader. See *St. Paul Fire & Marine Ins. Co. v. Touche Ross & Co.*, 234 Neb. 789, 452 N.W.2d 746 (1990). In ruling on a demurrer, the petition is to be liberally construed; if as so construed the petition states a cause of action, the demurrer is to be overruled. *Weimer v. Amen*, 235 Neb. 287, 455 N.W.2d 145 (1990). A court may not assume the existence of any facts not alleged, find facts in aid of the pleading, or consider what evidence may be introduced at trial. *St. Paul Fire & Marine Ins. Co., supra.*

In its amended petition in the district court, Holdrege alleged in substance that while Wilson was alive and at his request,

Holdrege delivered to him gasoline, oil, tires, hardware, and miscellaneous supplies. Holdrege further alleged that Wilson agreed to pay Holdrege for said items, that he had not fully paid for the goods before he died, and that there was a balance of $22,915.01 due and owing at the time of Wilson's death.

The amended petition further alleged that the estate of Wilson was currently being probated in the county court for Phelps County, that Bette G. Wilson had been appointed the personal representative of Wilson's estate, that Holdrege filed its claim against the decedent's estate as prescribed in Neb. Rev. Stat. §§ 30-2404 and 30-2486(1) (Reissue 1989), and that the claim was disallowed by the personal representative on March 25, 1988.

The record reflects that Holdrege filed its amended petition in the district court within 60 days after the personal representative disallowed its claim.

Apparently, the district court, in support of its decision that it had no subject matter jurisdiction, and Wilson's personal representative, in support of her demurrer, relied upon Neb. Rev. Stat. § 24-517(1) (Reissue 1989), which states that the county court has "[e]xclusive original jurisdiction of all matters relating to decedents' estates, including the probate of wills and the construction thereof."

On appeal, Holdrege contends that a literal reading of § 24-517(1) violates Neb. Const. art. V, § 9, which provides in relevant part, "The district courts shall have both chancery and common law jurisdiction, and such other jurisdiction as the Legislature may provide . . . ." The question of the constitutionality of § 24-517(1) is not properly before us. A party presenting a case involving the federal or state constitutionality of a statute must serve a copy of the brief assigning unconstitutionality on the Attorney General and file proof of service with the Clerk of the Supreme Court. Neb. Ct. R. of Prac. 9E (rev. 1989). The record discloses that Holdrege did not comply with the foregoing rule. If a party fails to observe rule 9E, this court will not consider the constitutionality of the statute under attack. *Voyles v. DeBrown Leasing, Inc.*, 222 Neb. 250, 383 N.W.2d 36 (1986). See *Line v. Line*, 228 Neb. 700, 423 N.W.2d 790 (1988). In

passing, we note that in 1970, Neb. Const. art. V, § 16, was repealed. It provided that "[c]ounty courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, and in such proceedings to find and determine heirship . . . ." Since 1970, there has been no similar constitutional provision. Because no constitutional question has properly been presented, we move on to consideration of the statutes germane to this appeal.

Holdrege initially presented its claim against Wilson's estate by filing a written statement with the clerk of the county court pursuant to § 30-2486(1). The personal representative mailed a "Notice of Disallowance of Claim" to Holdrege, notifying it that its claim had been disallowed and that it had 60 days to protest the disallowance.

> As to claims presented in the manner described in section 30-2486 within the time limit prescribed in section 30-2485, the personal representative may mail a notice to any claimant stating that the claim has been disallowed. . . . Every claim which is disallowed in whole or in part by the personal representative is barred . . . unless the claimant files a petition for allowance in the [county] court or commences a proceeding against the personal representative not later than sixty days after the mailing of the notice of disallowance . . . if the notice warns the claimant of the impending bar.

Neb. Rev. Stat. § 30-2488(a) (Reissue 1989).

Once its claim was disallowed, Holdrege chose the latter course prescribed in § 30-2488 by proceeding against the personal representative. "The claimant may commence a proceeding against the personal representative in any court which has subject matter jurisdiction and the personal representative may be subjected to jurisdiction, to obtain payment of his or her claim against the estate . . . ." § 30-2486(2). "[A] personal representative of a decedent domiciled in this state at his death has the same standing to sue *and be sued* in the courts of this state . . . as his decedent had immediately prior to death." (Emphasis supplied.) Neb. Rev. Stat. § 30-2464(c) (Reissue 1989). Had John E. Wilson been alive when Holdrege filed its suit, this action to recover money

for goods sold could have been brought in the district court. See Neb. Rev. Stat. § 24-302 (Reissue 1989) (district courts have and exercise general, original, and appellate jurisdiction in all matters, both civil and criminal, except where otherwise provided). Thus, it is clear that the Nebraska Probate Code provides that the claimant may proceed in the district court against the personal representative in a case such as this. Constitutional authorization for this jurisdiction is found in Neb. Const. art. V, § 9, which provides in relevant part that the district courts shall have both chancery and common-law jurisdiction, *"and such other jurisdiction as the Legislature may provide . . . ."* (Emphasis supplied.)

In interpreting various sections of the Nebraska Probate Code, this court may examine the comments to the code. See, e.g., *In re Estate of McFayden*, 235 Neb. 214, 454 N.W.2d 676 (1990); *In re Estate of Redpath*, 224 Neb. 845, 402 N.W.2d 648 (1987); *In re Estate of Watson*, 217 Neb. 305, 348 N.W.2d 856 (1984).

The comments to the Nebraska Probate Code, as well as other code provisions, negate the personal representative's contention that the only avenue available to a party with a claim against an estate is in the county court. The comment to § 30-2486 provides in relevant part:

> The filing of a claim with the probate court under subdivision (1) of this section does not serve to initiate a proceeding concerning the claim. Rather, it serves merely to protect the claimant who may anticipate some need for evidence to show that his claim is not barred. The probate court acts simply as a *depository* of the statement of claim
> . . . .

(Emphasis supplied.) From this comment, it can be said that since the county court acts merely as a depository of the claim, a proceeding in a separate court may be instituted. Further, § 30-2488(b)(2) authorizes transfers of claims in excess of $10,000 to the district court. Proceedings to determine whether a decedent left a valid will may also be transferred to the district court. Neb. Rev. Stat. § 30-2429.01 (Reissue 1989).

Legislative history lends additional support to the conclusion that the district court possessed subject matter jurisdiction in

this case. When statutory language is ambiguous and must be construed, recourse should be had to the legislative history for the purpose of discovering the lawmakers' intent. *County of Lancaster v. Maser*, 224 Neb. 566, 400 N.W.2d 238 (1987). In considering legislative history, a court may look to interim study reports on the legislation under consideration. See, e.g., *In re Estate of Watson, supra*.

In this case, the ambiguity is created by the conflict between § 24-517(1), which grants exclusive original jurisdiction to the county court in probate matters, and §§ 30-2464(c), 30-2486(2), and 30-2488(a), which permit the claimant to proceed against the personal representative in district court or other court that has subject matter jurisdiction when the personal representative has disallowed a claim presented in the manner described in § 30-2486.

Section 24-517(1), which grants exclusive original jurisdiction to the county court in probate matters, is unchanged from its original enactment in 1972. See 1972 Neb. Laws, L.B. 1032. Section 30-2486(2), as enacted in 1974, provided that "[t]he claimant may commence a proceeding against the personal representative in the county court in which the claim is presented without regard to the amount in controversy or in any federal or state court where the personal representative may be subjected to jurisdiction . . . ." § 30-2486(2) (Reissue 1975).

Due to a 1981 amendment, § 30-2486(2) now provides that the claimant may commence a proceeding against the personal representative in any court which has subject matter jurisdiction and the personal representative may be subjected to jurisdiction, to obtain payment of his or her claim against the estate, but the commencement of the proceeding must occur within the time limited for presenting the claim.

A plain reading of the statutes reveals that from the time of enactment of the probate code, the Legislature sought to modify the grant of jurisdiction set forth in § 24-517(1). Legislative history supports this interpretation. In discussing a 1981 amendment to § 30-2488 which authorized transfers to the district court by a personal representative, the legislative interim study on the bill reported, "Only the personal

representative may transfer under this section [§ 30-2488]; the claimant . . . has the ability to proceed directly to [the] court outside the probate preoceeding [sic] under section 30-2486(2)." Judiciary Committee Interim Report, L.R. 268, 86th Leg., 2d Sess. 122 (Dec. 1980).

As previously stated, there is an apparent conflict between § 24-517(1), which places exclusive jurisdiction in the county court, and the foregoing statutes, which authorize suits in the district court. In interpreting the statutes involved, we are guided by the well-established rule that special provisions of a statute in regard to a particular subject will prevail over general provisions in the same or other statutes so far as there is a conflict. See *Glockel v. State Farm Mut. Auto. Ins. Co.*, 219 Neb. 222, 361 N.W.2d 559 (1985). Moreover, where the special statute is later, it will be regarded as an exception to, or qualification of, the prior general one. *SID No. 1 v. County of Adams*, 209 Neb. 108, 306 N.W.2d 584 (1981). The statutes contained in the probate code address the exact situation presented here and are controlling to the extent they conflict with § 24-517.

We hold that when a claim presented in the manner described in § 30-2486 and within the time limit described in Neb. Rev. Stat. § 30-2485 (Reissue 1989) is disallowed by the personal representative, the dissatisfied claimant may, within 60 days of the mailing of notice of the disallowance, commence a proceeding against the personal representative in the district court insofar as the claim relates to matters within the district court's chancery or common-law jurisdiction.

The sole remaining question is whether the proceeding against the personal representative was brought within the statutory time period. Section 30-2486(3) provides that for claims presented under § 30-2486(1), court proceedings must be commenced no more than 60 days after the personal representative has mailed a notice of disallowance. The record reveals that the notice of disallowance was mailed on March 30, 1988. While the record is silent as to when Holdrege filed its original petition in the district court, its amended petition was filed on May 27, 1988. Since the proceeding against the personal representative was commenced within 60 days after

she mailed the notice of disallowance, Holdrege's claim was not time-barred.

Because the district court for Phelps County had subject matter jurisdiction, the demurrer should have been overruled. We reverse, and remand the cause to the district court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.