KERRIGAN & LINE, A PARTNERSHIP, APPELLANT, V.
CLARINDA FOOTE AND CLARA MAE LANGE, COPERSONAL
REPRESENTATIVES OF THE ESTATE OF DELPHINE C. WAGNER,
DECEASED, APPELLEES.

558 N.W.2d 837

Filed February 4, 1997.   No. A-95-1023.

William G. Line, of Kerrigan & Line, for appellant.

Kelle J. Westland, of Raynor, Rensch & Pfeiffer, and Darrell K. Stock, of Snyder & Stock, for appellees.

MILLER-LERMAN, Chief Judge, and HANNON and IRWIN, Judges.

MILLER-LERMAN, Chief Judge.
Kerrigan & Line, a partnership, appeals the judgment of the district court for Dodge County sustaining the demurrers of Clarinda Foote and Clara Mae Lange, copersonal representa-

tives of the estate of Delphine C. Wagner, deceased (defendants), and dismissing its action. For the reasons stated below, we affirm.

## ASSIGNMENTS OF ERROR

Kerrigan & Line assigns as error that the district court erred (1) in finding that the statutory claims procedure does not apply to a claim for administrative expenses, including attorney fees, and (2) in sustaining the demurrers and dismissing the action.

## STANDARD OF REVIEW

When reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom, but does not accept as true the conclusions of the pleader. *Vowers & Sons, Inc. v. Strasheim*, 248 Neb. 699, 538 N.W.2d 756 (1995); *Proctor v. Minnesota Mut. Fire & Cas.* 248 Neb. 289, 534 N.W.2d 326 (1995). In reviewing a ruling on a general demurrer, an appellate court cannot assume the existence of facts not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *Id.* An order sustaining a demurrer will be affirmed if any one of the grounds on which it was asserted is well taken. *Vowers & Sons, Inc., supra*; *Gallion v. Woytassek*, 244 Neb. 15, 504 N.W.2d 76 (1993).

## FACTUAL BACKGROUND

For the purpose of reviewing the sustaining of the demurrers, we take as true the following facts set forth by Kerrigan & Line in its petition and attached exhibit, which were filed April 27, 1995, in the district court:

Kerrigan & Line is a partnership engaged in the general practice of law. The partnership furnished legal services to Clara Mae Lange, special administratrix of the estate of Delphine C. Wagner, deceased. Kerrigan & Line filed its claim for legal services in the county court for Dodge County in the manner prescribed in Neb. Rev. Stat. § 30-2486 (Reissue 1995) within the time limit prescribed in Neb. Rev. Stat. § 30-2485 (Reissue 1995). Neither copersonal representative mailed a notice of disallowance of the claim within 60 days as required by Neb. Rev.

Stat. § 30-2488 (Reissue 1995), and therefore, the claim has been allowed.

Attached to the petition and incorporated therewith is a pleading captioned for filing in the county court for Dodge County entitled "Amended Statement of Administrative Claim," dated February 13, 1995, in which Kerrigan & Line makes claim against the estate in the amount of $74,804.38 for legal services rendered.

In its petition filed in district court, the dismissal of which is the subject of this appeal, Kerrigan & Line sought judgment against the defendants for $74,804.38 with interest and costs.

On May 26, 1995, the defendants each demurred to the petition, alleging lack of personal jurisdiction, lack of subject matter jurisdiction, that another action was pending between the same parties for the same cause in the county court for Dodge County, and that the petition does not state facts constituting a cause of action. The defendants attached to their demurrers a May 17, 1995, order of the county court for Dodge County finding that Kerrigan & Line had been fully compensated for services rendered on behalf of the estate in the amount of $24,750 and that the estate was not further obligated to Kerrigan & Line.

The district court sustained the defendants' demurrers and dismissed the action. It found that the claims procedure set forth in § 30-2485 does not apply to a claim for administrative expenses, including attorney fees, and that the county court has jurisdiction to review the payment of attorney fees in a probate proceeding. This appeal followed.

## ANALYSIS

We first address whether an action for attorney fees may be brought under the probate claims procedure provided in the Nebraska Probate Code, Neb. Rev. Stat. § 30-2201 et seq. (Reissue 1995), and more particularly §§ 30-2483 through 30-2498. Statutory interpretation presents a question of law in connection with which an appellate court has an obligation to reach an independent conclusion. *Payne v. Dept. of Corr. Servs.*, 249 Neb. 150, 542 N.W.2d 694 (1996).

When settling upon the meaning of a statute, an appellate court must determine and give effect to the purpose and

intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense, it being the court's duty to discover, if possible, the Legislature's intent from the language of the statute itself. *Koterzina v. Copple Chevrolet*, 249 Neb. 158, 542 N.W.2d 696 (1996); *McCook Nat. Bank v. Bennett*, 248 Neb. 567, 537 N.W.2d 353 (1995). The components of a series or collection of statutes pertaining to a certain subject matter may be conjunctively considered and construed to determine the intent of the Legislature so that different provisions of the act are perceived as consistent, harmonious, and sensible. *Becker v. Nebraska Acct. & Disclosure Comm.*, 249 Neb. 28, 541 N.W.2d 36 (1995); *In re Application of City of Lincoln*, 243 Neb. 458, 500 N.W.2d 183 (1993).

The probate claims procedure set forth in §§ 30-2483 through 30-2498 addresses the presentation, allowance, and payment of creditors' claims. The code defines "claim" to include "liabilities of the decedent or protected person whether arising in contract, in tort or otherwise, and liabilities of the estate which arise at or after the death of the decedent or after the appointment of a conservator, including funeral expenses and *expenses of administration.*" (Emphasis supplied.) § 30-2209(4). The Nebraska Supreme Court has held that in probate proceedings, attorney fees are administration expenses. See *In re Estate of Reimer*, 229 Neb. 406, 427 N.W.2d 293 (1988). Therefore, based on a plain reading of the code, it appears that attorney fees are claims which may be brought under the probate claims procedure.

The defendants seem to argue that demands for attorney fees may be brought only under § 30-2482 and that certain language in § 30-2485(b) excepts administration expenses from the probate claims procedure. Section 30-2482 provides that after appropriate notice, the reasonableness of the compensation of any person employed by a personal representative, including an attorney, may be reviewed by the county court. Section 30-2485 is entitled "Limitations on presentation of claims," and subsection (b) reads, in relevant part: "All claims, *other than for administration expenses*, against a decedent's estate which arise at or after the death of the decedent . . . are barred against the

estate, the personal representative, and the heirs and devisees of the decedent, unless presented [within certain time periods]." (Emphasis supplied.) Based on the plain and ordinary meaning of the language of § 30-2485(b), administration expenses are only excepted from the time-bar provisions for bringing claims; § 30-2485(b) cannot be read to except administration expenses from the probate claims procedure itself.

■ Based upon the foregoing, Kerrigan & Line's claim for attorney fees may be brought pursuant to the probate claims procedure. This result is consistent with the Nebraska Supreme Court's decision in *In re Estate of Reimer, supra*, which suggests that administration expenses may be paid under either § 30-2481 or the probate claims procedure set forth in §§ 30-2483 through 30-2498. See, also, *In re Estate of Snover*, 233 Neb. 198, 443 N.W.2d 894 (1989) (holding that reasonableness of attorney fee may be reviewed under § 30-2482).

We next address whether Kerrigan & Line may bring its action in district court. The defendants generally contend that the county court has exclusive original jurisdiction of probate matters pursuant to Neb. Rev. Stat. §§ 24-517 and 30-2211 (Reissue 1995).

■ We are aware that the county court is not the only avenue available to a party with a claim against an estate in some circumstances. In *Holdrege Co-op Assn. v. Wilson*, 236 Neb. 541, 463 N.W.2d 312 (1990), the Nebraska Supreme Court held that certain statutes in the code act to limit the exclusive original jurisdiction of the county court in probate matters. In reversing the district court's judgment that sustained a demurrer based on lack of subject matter jurisdiction, the Nebraska Supreme Court found that pursuant to § 30-2488(a) (Reissue 1989), a dissatisfied claimant whose claim has been disallowed may commence a proceeding against the personal representative in the district court insofar as the claim relates to matters within the district court's chancery or common-law jurisdiction. *Holdrege Co-op Assn., supra.* Section 30-2488(a) (Reissue 1995) provides, in relevant part: "Every claim which is disallowed in whole or in part by the personal representative is barred . . . unless the claimant files a petition for allowance in the [county] court or commences a proceeding against the per-

sonal representative not later than sixty days after the mailing of the notice of disallowance . . . ." The holding in *Holdrege Co-op Assn., supra,* is not applicable to the situation before us, which, at the time of the filing of the petition whose adequacy was challenged by the demurrers, involved an action for payment of an allowed claim rather than a disallowed claim.

According to the language of the petition filed April 27, 1995, Kerrigan & Line presented its claim by filing a written statement of the claim with the clerk of the county court pursuant to § 30-2486(1). According to § 30-2486(2), Kerrigan & Line also had the option, which it did not exercise, to present its claim by "commenc[ing] a proceeding against the personal representative in any court which has subject matter jurisdiction and the personal representative may be subjected to jurisdiction, to obtain payment of his or her claim against the estate [within a certain time period]."

The petition alleges that the personal representatives did not mail notice of disallowance of Kerrigan & Line's claim within 60 days of presentation of the claim as required by § 30-2488(a). "Failure of the personal representative to mail notice to a claimant of action on his or her claim for sixty days after the time for original presentation of the claim has expired has the effect of a notice of allowance." § 30-2488(a). We note that an allowance of a claim is generally not equivalent to an ordinary judgment.

> It is a judgment only in a qualified sense, and does not attain the force and dignity of an absolute judgment until an order of court is made directing the executor or administrator to pay it. Until then it is simply an acknowledged debt of the estate, bearing interest at the contract rate.

31 Am. Jur. 2d *Executors and Administrators* § 646 at 326 (1989). See, also, § 30-2488(e) (stating allowed claims generally bear interest at legal rate for period commencing 60 days after time for original presentment has expired).

In its petition, Kerrigan & Line sought a district court judgment against the defendants for the amount of its allowed claim. The code has a specific statute regarding such an action. Section 30-2489(a), in relevant part, provides: "By petition to the court in a proceeding for the purpose . . . a claimant whose

claim has been allowed but not paid as provided herein may secure an order directing the personal representative to pay the claim . . . ." The code defines "court" as "the court or branch having jurisdiction in matters relating to the affairs of decedents. This court in this state is known as county court." § 30-2209(5). To restate, the proper manner to obtain payment of a claim that has been allowed, but not paid, is to file a petition in the county court requesting an order that the personal representative pay the claim. The code does not provide an alternative manner in which a claimant may seek payment of an allowed claim not yet reduced to an order. Because there is no statute allowing an action for payment of an allowed claim not yet reduced to an order in a court other than the county court, the county court has exclusive original jurisdiction over such an action. See *Holdrege Co-op Assn. v. Wilson*, 236 Neb. 541, 463 N.W.2d 312 (1990).

Kerrigan & Line failed to follow the procedure specified in § 30-2489. The district court lacked subject matter jurisdiction to determine the action filed in district court and appealed to us. Therefore, the district court properly granted the defendants' demurrers on this basis. We affirm.

AFFIRMED.

HANNON, Judge, concurring.

I concur in the opinion of the majority, but I disagree with that portion of the opinion which either expressly or by implication holds that the attorney fees in this case, which are clearly administration costs, may be recovered under probate claim procedures provided in Neb. Rev. Stat. §§ 30-2483 through 30-2498 (Reissue 1995). In my opinion, in *In re Estate of Reimer*, 229 Neb. 406, 409, 427 N.W.2d 293, 295 (1988), the Supreme Court clearly held that administrative expenses are not paid pursuant to the probate claim statutes when it said: "We determine that fees allowed in probate proceedings under § 30-2481 to persons nominated as personal representatives under a will are administration expenses and need not be paid pursuant to the probate claim statutes." To my mind, it is obvious that except on appropriate appeal, the district court cannot determine the administrative expenses of a county court proceeding.